UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

JOHN ROUTH,

Plaintiff,

v.

FOSS MARITIME COMPANY, LLC AND
FOSS INTERNATIONAL, INC.,

Defendants.

Case No.

**SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, MAINTENANCE AND CURE, AND WAGES**

Plaintiff alleges:

Now comes the Plaintiff, John Routh, by and through his counsel, and as for his Complaint against Defendant states as follows:

## I.    PARTIES

1.1    Plaintiff, John Routh ("Mr. Routh") is a U.S. citizen who, at all times relevant hereto, was a Jones Act seaman whose residence is located in Malvern, AR.

///

**SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, MAINTENANCE AND CURE, AND WAGES**

- Page - 1

KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

1.2    Defendant, Foss Maritime Company, LLC, is now, and was at all times material herein, doing business in the state of Washington with a principal place of business at 450 Alaskan Way S, suite 706, Seattle, WA 98104, and can be served at its registered agent, Corporation Service Company, 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, WA 98501, or wherever may be found.

## II.    LAW & VENUE

2.1    Venue is proper in King County, Washington. RCW 4.12.020.

2.2    This case is brought pursuant to the Jones Act, as well as general maritime law and the common law. 28 U.S.C. § 1333(1).

2.3    Plaintiff is a Jones Act seaman who was employed by Defendant and assigned to work on Defendant's cargo barge.

2.4    Personal jurisdiction is proper under general jurisdiction. Dispute-blind jurisdiction is proper over Defendant because Washington is the state where Defendant can fairly be regarded at home. Defendant has continuous and systematic general business contacts with Washington. In accordance with the terms of the Jones Act, and the Saving to Suitors Clause this action is not removable to U.S. District Court.

## III.    INCIDENT

3.1    On or about September 9, 2021, Mr. Routh was a Jones Act Seaman working aboard the vessel M/V NOATAK, an Open Dry Cargo Barge vessel in navigation owned and/or operated by Defendant(s), Foss Maritime Company (herein referred to after as "Foss Maritime") and/or Foss International Inc. (herein referred to as "Foss International"). Mr. Routh was working as a crew member/mechanic aboard the vessel and was acting in furtherance of and contribution

SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, MAINTENANCE AND CURE, AND WAGES

- Page - 2

KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

to the mission of the vessel, which was performing work in the Arctic Ocean approximately four miles off the coast of Alaska.

3.2    Immediately prior to the subject incident, Plaintiff engaged in a task which required him to dig lead out of a hopper, using a backhoe furnished by Plaintiff's Jones Act employer(s)/vessel owner(s), Foss Maritime and/or Foss International.

3.3    On September 9, 2021, the conveyor belt did not function properly.

3.4    Additionally, on the date in question, Defendant(s) had inadequately trained, and/or had insufficient vessel crew members operate Defendant(s)' conveyor belt.

3.5    As a result of the malfunctioning conveyor belt and/or the actions and/or inactions of the crew members operating the conveyor belt, an overflow of lead made its way into the hopper, causing the hopper to become filled over its capacity.

3.6    Plaintiff attempted to perform his task of removing lead from the hopper using the backhoe that Defendant(s) had furnished him.

3.7    However, unbeknownst to Plaintiff, the overflow of lead into the hopper resulted in an accumulation of lead that weighed more than Plaintiff could lift safely.

3.8    As Plaintiff continued to attempt to lift the lead out of the hopper, he felt a sharp pain in his right shoulder. The pain was of such severity that Plaintiff had to stop lifting the lead.

3.9    Subsequent to the incident, Plaintiff contacted Defendant(s) barge supervisor on duty to inform him of the incident.

3.10    As a result of the incident complained of herein, Plaintiff, while employed by Defendant(s), sustained severe disabling injuries to his mind and body, including but not limited

**SEAMAN'S COMPLAINT FOR**    **- Page - 3**    **KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC**
**DAMAGES FOR PERSONAL INJURIES,**    4055 Lake Washington Blvd NE, Suite 240
**MAINTENANCE AND CURE, AND WAGES**    Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

to a right shoulder injury due to Defendant(s)' failure to use proper equipment and properly trained and adequate crew for the work being done at the time of Plaintiff's incident.

3.11    Upon information and belief, Plaintiff remains unfit for duty aboard vessels.

## IV.    FIRST CAUSE OF ACTION

4.1.    Plaintiff alleges upon information and belief that at all times mentioned herein Defendant(s) Foss Maritime and/or Foss International, Inc., was and is now a corporation organized and existing according to law, having its principal place of business in King County, Washington.

4.2.    At all times mentioned herein, the vessel in question, was an American flagged cargo barge vessel operating upon the navigable waters of the United States and high seas.

4.3.    Plaintiff alleges upon information and belief that at all times mentioned herein said vessel was owned by Defendant.

4.4.    Plaintiff alleges upon information and belief that at all times mentioned herein Defendant manned, operated, maintained and controlled the vessel in question.

4.5.    At all times mentioned herein, Defendant employed the Plaintiff as a seaman and member of the crew in the service of the vessel in question.

4.6    The afore-described personal injuries suffered by Plaintiff were not caused by any fault on his part, but rather, were caused as a direct result of the negligence of the Defendant(s), Foss Maritime and/or Foss International, its/their agents, servants, and/or employees or anyone else for whom Defendant(s) may be responsible, in the following non-exclusive particulars:

- Failing to provide Plaintiff a safe place to work;

- Failing to properly inspect the conveyor belt and/or other equipment used to

**SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, MAINTENANCE AND CURE, AND WAGES**    **- Page - 4**    **KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

perform the job in question;

- Failing to properly supervise and  instruct crew members;

- Inadequate and/or unfit crew;

- Improper method of operation;

- Violating any and all applicable U.S. Coast Guard and/or safety statutes intended to protect Plaintiff (negligence per se);

- Failing to properly train;

- Failing to provide reasonably safe and proper equipment;

- Unsafe method of work; and

- Any and all other acts and/or omissions constituting negligence that are established through discovery and/or at trial on the merits.

4.7.    As a result of said incidents, Plaintiff was hurt, sustaining injury to his body and shock and injury to his nervous system and person, all of which said injuries have caused and continue to cause Plaintiff great mental, physical, and nervous pain and suffering, and Plaintiff alleges upon information and belief that said injuries will result in some permanent disability to Plaintiff, all to his general damage according to proof.

4.8.    As a further result of said incident, Plaintiff was required to and did employ physicians and other health care providers for medical examination, care and treatment of said injuries, and Plaintiff alleges upon information and belief that he may require such services in the future.  The cost and reasonable value of the health care services received and to be received by Plaintiff is presently unknown to him, and Plaintiff prays leave to insert the elements of damages in this respect when the same are finally determined.

**SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, MAINTENANCE AND CURE, AND WAGES**          **- Page - 5**

**KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

4.9.    As a further result of said incident, Plaintiff has suffered and will continue in the future to suffer loss of income in a presently unascertained sum, and Plaintiff prays leave to insert the elements of damage in this respect when the same are finally determined.

## V.    SECOND CAUSE OF ACTION

5.1.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 4.9 hereinabove set forth.

5.2    The personal injuries suffered by Plaintiff were due to no fault of his, but rather, were caused by the unseaworthiness of Defendant(s)' vessel, the M/V NOATAK.

5.3    The vessel was unseaworthy because the non-functioning conveyor belts, which at all times pertinent hereto were/are an appliance appurtenant to the vessel, rendered the M/V NOATAK unfit for its intended use.

5.4    The vessel was also unseaworthy because the M/V NOATAK's crew operating the conveyor belt during the job in question were improperly trained and/or inadequate. The improperly trained and/or inadequate crew's failure to safely perform the job in question proximately caused the injuries and damages suffered by Plaintiff.

5.5    This cause of action is brought under general maritime law for unseaworthiness.

## VI.    THIRD CAUSE OF ACTION

6.1.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 5.5 of his Claim hereinabove set forth.

6.2    Pursuant to General Maritime Law of the United States of America, Defendant(s) Foss Maritime and/or Foss International, has/have the absolute duty to provide Plaintiff with

**SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, MAINTENANCE AND CURE, AND WAGES**    **- Page - 6**    **KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

maintenance and cure benefits from the date Plaintiff was rendered unfit for duty until maximum care is reached.

6.3    Upon information and belief, Defendant(s) Foss Maritime and/or Foss International has/have violated and/or continue(s) to violate its/their absolute duty to provide Plaintiff with timely and proper maintenance and cure benefits.

6.4    In the event that Defendant(s) Foss Maritime and/or Foss International is/are deemed to have acted in an arbitrary and capricious manner in failing to honor its/their absolute duty to provide Plaintiff with maintenance and cure benefits, Plaintiff is entitled to Punitive Damages for Defendant(s)' arbitrary and capricious conduct.

## VII.    DAMAGES

7.1.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 6.4 of his Claim hereinabove set forth.

7.2.    As a direct and proximate result of the aforementioned negligence of Defendant(s) Foss Maritime and Foss International, its/their agents, servants, and/or employees or anyone else for whom Defendant(s) may be responsible, and/or as a proximate result of the unseaworthiness of Defendant(s)' vessel M/V NOATAK, Plaintiff has sustained severe and permanently disabling injuries which combine to cause the following pecuniary and non-pecuniary losses:

- Physical and mental pain and suffering, past, present, and future;

- Mental anguish and emotional distress, past, present, and future;

- Loss of wages and benefits and impairment of earning capacity, past, present, and future;

- Medical and pharmaceutical expenses, past, present, and future;

SEAMAN'S COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES, MAINTENANCE AND CURE, AND WAGES            - Page - 7

KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com

- Loss of enjoyment of life, past, present, and future;

- Permanent physical disability and impairment of bodily function, past, present and future

- Disfigurement and scarring.

All in amounts reasonable in the premises to be determined at the trial of this matter, plus legal interest and cost from the date of judicial demand until paid.

**VIII.        CONCLUSION & PRAYER**

8.1.    WHEREFORE, Plaintiff, John Routh, prays that Defendant(s), Foss Maritime Company, LLC and Foss International, Inc., be served with a copy of this petition and cited to appear and answer same and that after the expiration of all legal delays and due proceedings had, there be judgment rendered in favor of Plaintiff and against Defendant(s) for compensatory damages, consequential damages, and punitive damages in an amount to be determined at trial, as well as interest, costs, and for such further and other relief as this Court deems appropriate and Plaintiff demands a trial by jury.

DATED this 29th day of July, 2024.

KORNFELD TRUDELL BOWEN
& LINDQUIST, PLLC

Neil Lindquist, WSBA #52111
Attorney for Plaintiff

**SEAMAN'S COMPLAINT FOR**                    **- Page - 8**
**DAMAGES FOR PERSONAL INJURIES,**
**MAINTENANCE AND CURE, AND WAGES**

**KORNFELD TRUDELL BOWEN & LINDQUIST, PLLC**
4055 Lake Washington Blvd NE, Suite 240
Kirkland, Washington 98033
(425) 893-8989 Telephone
(425) 893-8712 Fax
Neil@Kornfeldlaw.com